FILED

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC JASON FULLER, | No. 11-16006 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01139-JAM-EFB |
| v. | |
| MATTHEW CATE; M. MARTEL, Warden, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 10, 2012[**]

Before:      WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

California state prisoner Eric Jason Fuller appeals pro se from the district

court's judgment dismissing his action alleging denial of the right to a valid

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Islamic marriage in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and may affirm on any ground supported by the record, *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). We affirm.

Dismissal of Fuller's action was proper because the attachments to Fuller's complaint show that the prison's prohibition on conjugal visits for inmates serving life sentences without parole did not substantially burden his ability to enter into a valid Islamic marriage. *See* 42 U.S.C. § 2000cc-1(a)(1)-(2); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (under RLUIPA, prisoner has initial burden to demonstrate that prison policies constitute a substantial burden on the exercise of his religious beliefs); *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (the court is not limited by the allegations contained in the complaint when a complaint is accompanied by attached documents, but rather may consider those documents in determining whether the plaintiff has stated a claim).

**AFFIRMED.**